UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS


LARRY ATKINS,                    )
          Petitioner            )
                                )
               v.               )   C.A. NO. 08-cv-30031-MAP
                                )
COMMISSIONER HAROLD CLARKE,     )
          Respondent            )


MEMORANDUM AND ORDER REGARDING
REPORT AND RECOMMENDATION REGARDING
PETITION FOR HABEAS CORPUS
(Docket Nos. 32 & 1)

July 16, 2010

PONSOR, D.J.

Following his conviction in the state court for
unlawful possession of a firearm or ammunition without an
identification card, Petitioner received a state sentence of
incarceration of three to four years.  He now seeks habeas
relief pursuant to 28 U.S.C. § 2254 on the ground that the
assistance rendered to him by his state court trial counsel
was so ineffective as to violate his constitutional rights.

The petition was referred to Magistrate Judge Kenneth
P. Neiman, and on April 16, 2010 Judge Neiman issued his
Report and Recommendation, to the effect that the petition
should be dismissed.  Counsel for the Petitioner has filed a
timely objection to the Report and Recommendation (Docket
No. 33).

Upon de novo review, for the reasons set forth below,

the court will adopt the Report and Recommendation and will
dismiss the petition.

Given the meticulousness of the Report and
Recommendation, lengthy analysis is not necessary.  It is
well established that to succeed on a claim of ineffective
assistance of counsel under the Sixth Amendment, Petitioner
must demonstrate both that his trial counsel failed to meet
an objective standard of reasonable legal assistance and
that, but for counsel's inept help, there was a reasonable
probability the result of the trial would have been
different.  Strickland v. Washington, 466 U.S. 668, 688-689
(1984).  It is equally well established that to be entitled
to habeas relief under the Antiterrorism and Effective Death
Penalty Act of 1996 ("AEDPA"), Petitioner must demonstrate
that the state court's resolution of his ineffective
assistance of counsel claim "resulted in a decision that was
contrary to, or involved an unreasonable application of,
clearly established Federal law, as determined by the
Supreme Court of the United States." 28 U.S.C. § 2254(d)(1);
Rompilla v. Beard, 545 U.S. 374, 380 (2005).

Judge Neiman is correct in concluding that the relevant
state court decision cannot be described as erroneous under
the AEDPA's exacting standard.  The state court did not
apply a rule that contradicted governing law set forth by

2

the Supreme Court, or veer away from Supreme Court precedent in the face of materially indistinguishable facts.

Nor did the state court unreasonably apply federal constitutional principles to the facts of this case.  In Strickland, the Supreme Court pointed out that a strong presumption exists that counsel's conduct was reasonable. Strickland, 466 U.S. at 697.  Indeed, to satisfy the first prong of Strickland, a Petitioner must demonstrate that counsel's performance was so poor that he was in essence "not functioning as the 'counsel' guaranteed by the Sixth Amendment."  Id. at 687.

Consonant with these standards, the state court was reasonable in concluding that the performance of Petitioner's state trial counsel came nowhere near to descending below the required objective level of professionalism.  Facing a difficult case, he made a risky decision with regard to waiving any objection to the admissibility of a tape of a 911 call.  The tactic did not work, and Petitioner was convicted.  It is understandable that counsel would now like to adopt a different, and hopefully more successful, tactical approach.  These kinds of decisions, however, are made in every case.  As noted in Judge Neiman's memorandum, and in the state court, counsel's decision to take the steps he did was simply a choice among

3

available, difficult tactical options.  This is not a
situation where the trial attorney simply abandoned his role
as counsel for Petitioner.  The mere fact that alternative
options seem more promising in retrospect does not give
Petitioner the right to a re-trial.  Moreover, a different
tactical choice by the trial attorney would have been
unlikely to affect the ultimate outcome in this case.

Neither the state court nor Judge Neiman ignored the
after-the-fact affidavit from trial counsel conceding error.
Instead, Judge Neiman and the state court correctly reviewed
the logic of the trial lawyer's decision as expressed
contemporaneously with the trial.  No evidentiary hearing is
needed to explore those facts, which appear on the record.

For the foregoing reasons, the court, upon de novo
review, hereby ADOPTS Judge Neiman's Report and
Recommendation (Dkt. No. 32), and orders that the petition
be DISMISSED.  The clerk will enter judgment for Respondent,
and the case may now be closed.

It is So Ordered.


                              /s/ Michael A. Ponsor
                              MICHAEL A. PONSOR
                              U. S. District Judge



4